UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60930-CIV-DIMITROULEAS

JEANETTE HURTADO,                                              Magistrate Judge Snow

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

      Defendant.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the Report and Recommendation [DE-21] of Magistrate Judge Snow filed on April 14, 2010. The Court has conducted a *de novo* review of the Report and Recommendations, the record, and Plaintiff Jeanette Hurtado's Objection to the Report and Recommendation [DE-22], and is otherwise fully advised in the premises.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on two grounds. First, Plaintiff objects to the Magistrate Judge's finding that the Plaintiff is not entitled to relief based on the Administrative Law Judge's ("ALJ") failure to give any weight to the opinions of the treating physicians. Plaintiff also objects to the Magistrate Judge's finding that the Vocational Expert's ("VE") testimony did not conflict with the Dictionary of Occupational Titles ("DOT") and that if it did conflict the error was harmless.

**I. Whether the ALJ's failure to give any weight to the opinions of the treating physicians constitutes reversible error**

Plaintiff objects to the Magistrate Judge's finding that the Plaintiff is not entitled to relief

1

based on the ALJ's failure to give any weight to the opinions of the treating physicians. Specifically, Plaintiff points to her worker's compensation doctor, who found that Plaintiff was unable to perform any work as of March 30, 2006, and her endocrinologist, who noted in the "social history" portion of her July 6, 2007, report that Plaintiff was "still unable to work."

The testimony of a treating physician must be given considerable weight unless "good cause" is shown to the contrary, and failure of the ALJ to clearly articulate the reasons for giving lesser weight to the opinion of a treating physician constitutes reversible error. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). This Circuit has held that the requisite "good cause" exists where the treating physician's opinion is not supported by the evidence, where the evidence supported a contrary finding, or where the physician's opinion was conclusory or inconsistent with their own medical records. Lewis, 125 F.3d at 1440; See Jones v. Department of Health & Human Services, 941 F.2d 1529, 1532-3 (11th Cir. 1991); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (internal quotation omitted). Rather, the ALJ is required to consider "all medical evidence that is credible, supported by clinical findings, and relevant to the question at hand." Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984). Moreover, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998).

The Magistrate Judge found that the two opinions referenced by Plaintiff were not relevant to the question before this court: whether Plaintiff was under a disability, based on the impairments she alleged, from the time of her alleged onset date through the date she was last insured.  The endocrinologist's July 2007 report dealt with Plaintiff's treatment for hypothyroidism, which is not an impairment which Plaintiff alleges contributed to her disability. Moreover, the portion of this report indicating that Plaintiff was "still unable to work" was listed under "social history" and most likely was based on information supplied by Plaintiff.  There is nothing in the record to indicate that this doctor was treating Plaintiff for any disabling condition and there was no reason for her to an express an opinion on this issue.  The Court agrees with the Magistrate Judge's reasoning and finds that the July 2007 report of Plaintiff's endocrinologist is not relevant to the issue at hand.  The Court also notes that the portion of the report indicating that Plaintiff was "still unable to work" does not appear to be supported by clinical findings.  The second "treating physician" report was a form filled out by a worker's compensation doctor, who stated that Plaintiff was unable to work on March 30, 2006, a brief time after her hip injury.  This report does not include any treatment notes or test results.  Moreover, subsequent to this report, Plaintiff had hip replacement surgery, which substantially reduced her pain.  Accordingly, the Magistrate Judge found that this report has no relevance to the issue at hand, thus it was not error for the ALJ to omit any reference to it.  The Court agrees with this reasoning as well.

As just discussed, the Court agrees with the Magistrate Judge's finding that Plaintiff is not entitled to relief based on the ALJ's failure to give any weight to the opinions of these two physicians.  The Court finds that the ALJ was reasonable when he gave great weight to the opinion of the State agency medical consultant because he cited the specific facts upon which his

conclusions were based.  The ALJ observed that the State agency psychological consultant found that Plaintiff retained the ability to carry out simple instructions and relate adequately to others in a routine work setting.  The State agency medical consultant found that Plaintiff could lift up to 10 pounds frequently and 20 pounds occasionally, could stand and walk or sit for 6 hours during an 8 hour workday, could balance, stoop, kneel, crouch and crawl occasionally, and should avoid concentrated exposure to wetness, humidity, fumes, odors, dusts, gases and hazards such as moving machinery and unprotected heights.

**II. Whether the VE's testimony conflicted with the DOT and if it did conflict, whether the error was harmless**

Plaintiff objects to the Magistrate Judge's finding that the VE's testimony did not conflict with the DOT and to the finding that even if it did conflict, the error was harmless.  Plaintiff first objects to the Magistrate Judge's finding that the ALJ did not err by failing to ask the VE about any possible conflicts between his testimony and the information provided in the DOT.  In support of this objection, Plaintiff contends that "pursuant to SSR 00-4p, when a conflict exists between a VE's testimony and the DOT, an ALJ must elicit a reasonable explanation for the conflict and his or her failure to do so can constitute reversible error."  Leonard v. Astrue, 487 F. Supp. 2d 1333, 1339 (M.D. Fla. 2007).

The Magistrate Judge found that, in this Circuit, the ALJ was not required to elicit from the VE an explanation of the purported conflict between the VE's job descriptions and the information contained in the DOT.  Miller v. Commissioner, 246 Fed. Appx. 660, 662 (11th Cir. 2007) (unpublished).  The Court finds Miller more persuasive than Leonard.  A more recent case than Leonard, from the Middle District of Florida agrees with the reasoning of Miller as well.  See Akins v. Commissioner of Social Sec., 2009 WL 2913538 (M.D. Fla. Sep 10, 2009).

Accordingly, the Court agrees with the Magistrate Judge's finding that the ALJ did not err by failing to resolve the alleged conflict between the VE's testimony and the DOT.

Plaintiff also objects to the Magistrate Judge's finding that even if it was error to cite the mail clerk position as one the plaintiff could perform, the error was harmless because the plaintiff was able to perform the Level 2 reasoning job of fast food worker.  In support of her argument, Plaintiff points out that the Eleventh Circuit has not made any finding that a plaintiff able to perform simple, repetitive tasks is capable of doing work at Reasoning Level 2.  Plaintiff argues that a job requiring a Reasoning Level 2 requires a person to carry out detailed instructions, which conflicts with the ALJ's limitation on Plaintiff to performing only simple, routine tasks with limited contact with the public.

The Magistrate Judge found that even if Plaintiff was unable to perform the job requirements of Reasoning Level 3, she clearly was able to perform the Reasoning Level 2 job of fast food worker, and any error by the ALJ was harmless.  See Lara v. Astrue, 305 Fed. Appx. 324, 326 (9th Cir. 2008) (Holding that to the extent the VE was overly broad and included jobs that plaintiff could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision).  In addition, the Magistrate Judge found that there was no conflict between the VE's job descriptions and the DOT, in that substantial evidence in the record supports the finding that  Plaintiff's limitation to simple routine tasks was not inconsistent with the DOT description of the jobs of mail clerk and fast food worker.  See Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (Reasoning Level 3 not inconsistent with plaintiff's inability to do complex work); Terry v. Astrue, 580 F.3rd 471, 478 (7th Cir. 2009) (Level 3 reasoning not inconsistent with plaintiff's ability to perform only simple

work). The Court agrees with the Magistrate Judge's finding that even if Plaintiff was unable to perform the job requirements of Reasoning Level 3, she clearly was able to perform the Reasoning Level 2 job of fast food worker, and any error by the ALJ was harmless.

Plaintiff objects to the Magistrate Judge's similar finding that even if the Plaintiff was unable to perform the job requirements of Reasoning Level 3, any error by the ALJ was harmless because Plaintiff was clearly able to perform the reasoning level job of fast food worker. In particular, Plaintiff argues first that it is not clear that a person limited to performing simple routine tasks is capable of performing a job requiring a Reasoning Level of 2; and secondly argues that the ALJ and the Magistrate Judge completely ignored the other limitation placed by the ALJ on Plaintiff - limited contact with the public. As to the second argument, Plaintiff maintains it is not logical that a plaintiff who can perform jobs that require only limited contact with the public would be capable of performing the job of fast food worker, as the VE testified, because that job requires a person to serve customers, request customer orders, notify kitchen personnel of shortages or special orders, serve cold drinks, serve hot beverages, receive payment, serve customers. Plaintiff concludes that there is no substantial evidence that a person who must perform jobs that require only limited contact with the public could perform such duties.

The Court already addressed Plaintiff's first argument that a person limited to performing simple routine tasks is not capable of performing a job requiring a Reasoning Level of 2. As discussed above, the Court agrees with the Magistrate Judge that substantial evidence in the record supports the finding that Plaintiff's limitation to simple routine tasks was not inconsistent with the DOT description of the job fast food worker. The only remaining issue is whether Plaintiff could perform the job of fast food worker while maintaining limited contact with the

public. While the Court agrees that some fast food positions require more than limited contact with the public, the Court does not agree that all fast food jobs require more than limited contact with the public. One such example is the kitchen staff, as their contact is primarily with the other workers, not the public. There is nothing the in the record that indicates that Plaintiff could not handle this kind of work. Thus the Court agrees with the Magistrate Judge's finding that even if the Plaintiff was unable to perform the job requirements of Reasoning Level 3, any error by the ALJ was harmless because Plaintiff was clearly able to perform the reasoning level job of fast food worker.

This Court agrees with the reasoning and analysis of the Magistrate Judge that the Defendant's Motion for Summary Judgment should be granted and the Plaintiff's Motion for Summary Judgment be denied. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE-21] is hereby **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment [DE-13] is hereby **DENIED**;

3. Defendant's Response, which the Court is construing as Defendant's Motion for Summary Judgment[1] [DE-19] is hereby **GRANTED**;

4. The decision of the Commissioner that the Claimant is not under a "disability" as defined in the Social Security Act is hereby **AFFIRMED**;

5. All other pending motions are hereby denied as moot;

6. The Clerk shall close this case.

---

[1] In its Response to Plaintiff's Motion for Summary Judgment, the Commissioner seeks relief, for the court to affirm the administrative decision. (Def.'s Resp. to Pl.'s Mot. Summ. J. 16).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2010.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow
Counsel of record